1  ROB BONTA
   Attorney General of California
2  SARA J. DRAKE
   Senior Assistant Attorney General
3  T. MICHELLE LAIRD
   Supervising Deputy Attorney General
4  JEREMY STEVENS, State Bar No. 313883
   TIMOTHY M. MUSCAT, State Bar No. 148944
5  Deputy Attorney General
     1300 I Street, Suite 125
6    P.O. Box 944255
     Sacramento, CA 94244-2550
7    Telephone:  (916) 210-7779
     Fax:  (916) 323-2319
8    E-mail:  Timothy.Muscat@doj.ca.gov
   *Attorneys for Defendants*

9
   GEORGE FORMAN, State Bar No. 47822
10 FORMAN SHAPIRO & ROSENFELD LLP
     5055 Lucas Valley Road
11   Nicasio, CA  94946
     Telephone:  (415) 491-2310
12   Email:  george@gformanlaw.com
   *Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SOBOBA BAND OF LUISEÑO INDIANS,** a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA, and GAVIN NEWSOM IN HIS OFFICIAL CAPACITY AS GOVERNOR OF CALIFORNIA,**<br><br>Defendants. | 1:20-cv-01147-AWI-SKO<br><br>**STIPULATION FOR GRANTING SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR AND ORDER REQUIRING PARTIES TO PROCEED TO THE REMEDIAL PROCESS IN 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii)** |

1

Stip. Granting Summ. J. in Pl.'s Favor and Order Requiring Parties to Proceed to Remedial Process
in 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii) (1:20-cv-01147-AWI-SKO)

On July 28, 2022, the Ninth Circuit issued its published decision in *Chicken Ranch Rancheria of Me-Wuk Indians v. California* (*Chicken Ranch*), 42 F.4th 1024 (9th Cir 2022). That case involved whether the State of California (State) had failed to negotiate in good faith with five California tribes seeking new tribal-state compacts required by the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§ 2710-2712, 18 U.S.C. §§ 1166-1167, in order for the tribes to conduct what IGRA defines as "class III gaming." The Court held that "IGRA strictly limits the topics that states may include in tribal-state Class III compacts to those directly related to the operation of gaming activities." *Chicken Ranch*, 42 F.4th at 1029.

The *Chicken Ranch* court ruled that the State failed to engage in good-faith negotiations with five plaintiff tribes under IGRA by insisting on provisions not directly related to the operation of class III gaming activities. The specific provisions addressed by the Ninth Circuit concerned tribal recognition of spousal and child support orders for all gaming facility employees, environmental review and mitigation for a broadly defined set of projects, and broad tort claims coverage. *Chicken Ranch,* 42 F.4th at 1037-39. The court held that under 25 U.S.C. § 2710(d)(3)(C)(vii), "these family, environmental, and tort law provisions are not 'directly related to the operation of gaming activities.'" *Id.* at 1038.

Similar to the plaintiff tribes in *Chicken Ranch*, plaintiff Soboba Band of Luiseño Indians, a federally recognized Indian tribe (Soboba) is a former member of the Compact Tribes Steering Committee (CTSC). On August 19, 2014, the CTSC, a coalition of twenty-eight federally recognized California Indian tribes, wrote to inform the State of CTSC's formation and its desire to begin the negotiation process for a new class III gaming compact. Soboba was a member of CTSC in 2014, and remained a member until July 6, 2020. As such, Soboba shares the same record of negotiations (RON) with the plaintiff tribes in *Chicken Ranch* from August 19, 2004, through July 6, 2020.

Soboba withdrew from negotiations with the State and filed its Complaint for Declaratory and Injunctive Relief (Complaint) on August 15, 2020. (Doc. 1.) The Complaint's first claim for relief alleged that the State failed in its duty to negotiate in good faith under IGRA. (*Id.* at 8-20.) The Complaint's second claim for relief alleged that the State materially breached section

2

Stip. Granting Summ. J. in Pl.'s Favor and Order Requiring Parties to Proceed to Remedial Process
in 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii) (1:20-cv-01147-AWI-SKO)

4.3.2.1(a) of Soboba's existing 1999 Compact. (*Id.* at 20-21.) Regarding the two claims in Soboba's Complaint, on May 26, 2021, Soboba and the State and Governor Gavin Newsom (State Defendants) filed cross-motions for summary judgment. (Docs. 31 & 32.) In these motions, the parties disputed whether the State failed in its duty under IGRA to negotiate in good faith. These motions included disputes over whether the State's proposed provisions regarding tort liability and remedies (Complaint, Count Nine), tribal recognition of employee spousal and child support orders (Complaint, Count Eleven), and environmental review and mitigation (Complaint, Count Thirteen), exceeded the permissible scope of negotiations under IGRA, 25 U.S.C. § 2710(d)(3)(C)(i)-(vii), and thus constituted a failure by the State to negotiate in good faith. In addition, these motions included disputes over other provisions proposed by the State. Some of those provisions were at issue in *Chicken Ranch* but were not ruled upon by the Ninth Circuit in *Chicken Ranch*, while other provisions were not specifically at issue in *Chicken Ranch.*

In support of their cross-motions for summary judgment, on May 26, 2021 the parties each filed an identical Joint Statement of Undisputed Facts (JSUF). (Docs. 31-5 & 32-4.) The stipulated facts in the JSUF included facts from the record of negotiations (RON) based upon CTSC compact negotiations over tort claims coverage (JSUF, Nos. 44, 46-47, 49-51, 108, 146-149, 168, 175, & 186), employee spousal and child support orders (JSUF, Nos. 49-50, 52, 101, 158-161, 170 & 174), environmental review and mitigation (JSUF, Nos. 45, 96, 98, 108, 129-133, & 164), and the other provisions at issue in the cross-motions for summary judgment (JSUF, Nos. 16, 21-24, 26, 34, 36, 39, 41-42, 45-47, 49-52, 56, 58, 60, 65-66, 71-74, 76, 78, 101).

While Soboba and the State Defendants' cross-motions for summary judgment remain pending before the Court, the Ninth Circuit's *Chicken Ranch* decision resolved the central legal issues under IGRA in these motions – *i.e.,* generally the extent to which 25 U.S.C. § 2710(d)(3)(C)(i)-(vii) limits the permissible scope of compact negotiations and whether the State's insistence on compact provisions concerning tort claims coverage, employee spousal and child support orders, and environmental review and mitigation constituted a failure to negotiate in good faith.

3

Stip. Granting Summ. J. in Pl.'s Favor and Order Requiring Parties to Proceed to Remedial Process in 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii) (1:20-cv-01147-AWI-SKO)

1   Based on *Chicken Ranch's* key holdings, the largely identical RONs in both this case and
2   *Chicken Ranch*, and the parties' previously filed JSUFs, the parties now request the Court,
3   pursuant to this stipulation, to grant summary judgment in Soboba's favor on its first claim for
4   relief that the State failed to negotiate in good faith as required by IGRA because it sought "to
5   negotiate for compact provisions that fall well outside of IGRA's permissible topics of
6   negotiation," *Chicken Ranch*, 42 F.4th at 1040, namely, tribal recognition of state court spousal
7   and child support orders, environmental review and mitigation for a broadly defined set of
8   "projects," and broad tort claims coverage based upon California law, and order the parties to
9   proceed pursuant to the remedial process set forth in IGRA, 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii).
10  Further, the parties stipulate to the dismissal of Soboba's second claim for relief without
11  prejudice.
12  ///
13  ///
14  ///

4

Stip. Granting Summ. J. in Pl.'s Favor and Order Requiring Parties to Proceed to Remedial Process
in 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii) (1:20-cv-01147-AWI-SKO)

| | | |
|---|---|---|
| 1 | Dated:  November 17, 2022 | Respectfully submitted, |
| 2 | | ROB BONTA |
| | | Attorney General of California |
| 3 | | SARA J. DRAKE |
| | | Senior Assistant Attorney General |
| 4 | | T. MICHELLE LAIRD |
| | | Supervising Deputy Attorney General |
| 5 | | JEREMY STEVENS |
| | | Deputy Attorney General |
| 6 | | |
| | | */s/ Timothy M. Muscat* |
| 7 | | |
| | | TIMOTHY M. MUSCAT |
| 8 | | Deputy Attorney General |
| | | *Attorneys for Defendants* |
| 9 | | |
| 10 | | |
| 11 | Dated:  November 17, 2022 | Respectfully submitted, |
| 12 | | FORMAN SHAPIRO & ROSENFELD LLP |
| 13 | | */s/ George Forman (as authorized on 11/17/22)* |
| 14 | | |
| | | George Forman |
| 15 | | Attorneys for Plaintiff |

5

**ORDER**

Based upon the above stipulation by the parties, summary judgment is granted in Soboba's favor on the first claim for relief in its Complaint, consistent with the Ninth Circuit's decision in *Chicken Ranch Rancheria of Me-Wuk Indians v. California* (*Chicken Ranch*), 42 F.4th 1024 (9th Cir. 2022), and the undisputed facts agreed upon by the parties.

Pursuant to the stipulation by the parties, it is further ordered that the second claim for relief in Soboba's Complaint is dismissed without prejudice.

Accordingly, the parties ARE HEREBY ORDERED to proceed pursuant to the remedial process set forth in IGRA, 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii).

IT IS SO ORDERED.

Dated:   January 26, 2023                                        _____
                                                                                         SENIOR DISTRICT JUDGE

6

Stip. Granting Summ. J. in Pl.'s Favor and Order Requiring Parties to Proceed to Remedial Process in 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii) (1:20-cv-01147-AWI-SKO)