LESTER J. MARSTON
California State Bar No. 081030
LAW OFFICES OF RAPPORT AND MARSTON,
SOLE PRACTITIONERS
405 West Perkins Street
Ukiah, California 95482
Telephone: 707-462-6846
Facsimile: 707-462-4235
Email: ljmarston@rmlawoffice.net

*Attorney for Plaintiff Buena Vista Rancheria of Me-Wuk Indians*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BUENA VISTA RANCHERIA OF ME-WUK INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, Governor of California, and STATE OF CALIFORNIA,<br><br>Defendants. | Case No. 2:23-cv-01790-KJM-DB<br><br>**NOTICE OF RELATED CASES** |

Pursuant to Fed. R. Civ. P. 83 and Eastern District Local Rule 123(a)(3)-(4), Plaintiff, the Buena Vista Rancheria of Me-Wuk Indians ("Tribe"), hereby submits this Notice of Related Cases on the grounds that all of the following cases involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, because the same result should follow in both actions, and it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

The Tribe's action and the following actions arise under the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-2721 ("IGRA"): *Chicken Ranch Rancheria of Me-Wuk Indians et al. v. Newsom*, No. 19-cv-00024-AWI-SKO, *Soboba Band of*

*Luiseno Indians v. State of California*, No. 20-cv-01147-AWI-SKO, *Bishop Paiute Tribe v. Newsom*, No. 20-cv-01318-AWI-SKO, *Bear River Band of Rohnerville v. State of California*, No. 20-cv-01539-AWI-SKO, *Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. State of California*, No. 20-cv-01585-AWI-SKO, *Cahuilla Band of Indians v. State of California*, No. 20-cv-01630-AWI-SKO, *Pit River Tribe v. Newsom*, No. 20-cv-01918-AWI-SKO, *Redding Rancheria v. State of California*, No. 21-cv-00579-AWI-SKO, *Pauma Band of Mission Indians v. Newsom*, No. 21-cv-01166-AWI-SKO, *Augustine Band of Cahuilla Indians v. State of California*, No. 21-cv-01509-AWI-SKO, and *Berry Creek Rancheria of Maidu Indians of California v. State of California*, No. 21-cv-02284-AWI-SKO.

The above-referenced actions and the instant action arise under the IGRA, specifically, 25 U.S.C. §§ 2701-2721, because the Plaintiff is a federally recognized California Indian Tribe suing the State of California and its Governor, Gavin Newsom, in his official capacity, as defendants for failing to negotiate a resolution concerning provisions of the Tribe's 2016 Tribal-State Class III Gaming Compact ("Compact") that are nearly identical to compact provisions at issue in the above-referenced cases. The legality, validity, and enforceability of those provisions is in dispute after the Ninth Circuit Court of Appeal's ("Ninth Circuit") ruling in *Chicken Ranch Rancheria of Mewuk Indians v. California*, 42 F.4th 1024 (9th Cir. 2022) ("*Chicken Ranch*").

In each of the above-referenced actions, the respective plaintiff Tribes allege that the State insisted on including compact provisions that the plaintiff Tribes contend are not among those enumerated subjects that 25 U.S.C. § 2710(d)(3)(C) provides may be included in a compact.

Specifically, the above-referenced actions contend that the following provisions and requirements cannot be included in compacts under 25 U.S.C. § 2710(d)(3)(C):

(1) that the Tribes recognize and enforce State court spousal support orders against all tribal Gaming Operation employees;

(2) that the Tribes recognize and enforce State court child support orders against all tribal employees;

(3) that the Tribes comply with California's minimum wage law and regulations;

(4) that the Tribes assess, under criteria prescribed by the California Environmental Quality Act ("CEQA"), potential impacts on the off-Reservation environment of a broadly defined range of "projects", and prescribe measures to mitigate such impacts, even if no class III gaming activities are to be conducted within such a project;

(5) that the Tribes, as a precondition to commencing the construction of a facility in which class III gaming will be conducted, must negotiate and enter into binding and enforceable agreements with nearby local governments to mitigate a broad spectrum of perceived impacts and to submit to binding arbitration issues upon which the Tribes and local governments cannot agree;

(6) that the Tribes waive their exemptions from federal laws dealing with workplace discrimination, harassment and retaliation, and adopt ordinances or other procedures providing for money damage remedies against the Tribes for such claims;

(7) that the Tribes adopt and enforce tribal laws relating to employee working hours, wages and working conditions that already are the subject of federal laws such as the Fair Labor Standards Act and the National Labor Relations Act; and

(8)     that the Tribes pay into the Indian Gaming Special Distribution Fund ("SDF") more than is necessary to defray the State's costs of regulating Tribal Gaming Activities.

The actions listed above are all related to one another and were originally all assigned to Senior District Judge Anthony Ishii and Magistrate Judge Sheila K. Oberto and have been reassigned to Judge Ana Isabel de Alba. Assignment of this case to Judge Ana Isabel de Alba would affect a substantial savings of judicial time and effort in resolving this action.

Respectfully Submitted,

DATED: August 23, 2023     LAW OFFICES OF RAPPORT AND MARSTON

By: /s/ *Lester J. Marston*
LESTER J. MARSTON, Attorney for
Buena Vista Rancheria of Me-Wuk Indians