George Forman (SBN 047822)
Jay B. Shapiro (SBN 224100)
Margaret C. Rosenfeld (SBN 127309)
FORMAN SHAPIRO & ROSENFELD LLP
5055 Lucas Valley Road
Nicasio, CA  94946
Telephone: 415/491-2310
george@fsrlegal.net

Attorneys for Plaintiff Soboba Band of Luiseño Indians

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOBOBA BAND OF LUISEÑO INDIANS, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, and GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF CALIFORNIA,<br><br>Defendants. | Case No.: 1:20-cv-01147-KES-SKO<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO BILL OF COSTS**<br><br>Date: September 9, 2024<br>Time: 1:30 p.m.<br>Courtroom: 6<br>Judge: Hon. Kirk E. Sherriff |

## INTRODUCTION

Plaintiff Soboba Band of Luiseño Indians submitted a cost bill that includes its share of the fees paid for the services of retired Arizona Supreme Court Justice Scott Bales, whom this Court appointed to serve as the "mediator" in the statutory proceedings ordered by the Court after entry of the Court's order granting the Tribe's motion for summary judgment. Defendants (collectively "the State) oppose awarding those fees to the Tribe as requested, contending that mediation fees cannot be taxed as part of the prevailing party's costs. As explained below, the Tribe is entitled to recover its share of Justice Bales' fees under Eastern District Local Rule 292(f)(6) and/or (11).

## PROCEDURAL BACKGROUND

The Tribe filed this action in the summer of 2020 pursuant to the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2710(d)(7)(B), after five years of negotiations with the State failed to result in agreement on the terms of a new class III gaming compact for the Tribe. The Court's order granting the Tribe's motion for summary judgment determined that the State had failed to negotiate in good faith, and pursuant to IGRA, ordered the parties to engage in IGRA's remedial process, starting with negotiations to attempt to agree upon a new compact within 60 days. 25 U.S.C. § 2710(d)(7)(B)(iii).

The parties could not agree on a compact within that period, because the State continued to insist on inclusion of provisions that the Tribe contended were not proper subjects of negotiation under IGRA, or for which the State had failed to offer meaningful concessions: *i.e.*, payments for which the State failed to offer any meaningful concessions, and provisions regarding State income tax withholding and prohibiting cashing of checks drawn against government accounts that were not directly related to the operation of class III gaming activities. Supplemental Declaration of George Forman lodged herewith, at ¶ 3.

The Court, again pursuant to IGRA, then appointed retired Arizona Supreme Court Justice Scott Bales, to whom the parties were ordered to submit their "last best offer for a compact" to "a mediator appointed by the court." 25 U.S.C. § 2710(d)(7)(B)(iv). Under IGRA, Justice Bales was tasked to "select from the two proposed compacts the one which best comports with the terms of this chapter and any other applicable Federal law and with the findings and order of the court." *Id*.

After reviewing the parties' last, best offers, Justice Bales found that the Tribe's proposed compact best comported with IGRA, other applicable federal law, and the findings and order of this Court, and presented that compact to both parties.  Supplemental Declaration of George Forman, at ¶ 5. The State declined to consent to Justice Bales' recommended compact, he forwarded his recommended compact to the Department of the Interior, and on May 10, 2024, the Assistant Secretary of the Interior – Indian Affairs prescribed procedures in lieu of a compact

under which the Tribe may conduct class III gaming activities on its Indian lands. *Id.*

**ARGUMENT**

I. THE COSTS OF JUSTICE BALES' SERVICES ARE RECOVERABLE UNDER LOCAL RULE 292 SUBD.(F)(6) OR (F)(11).

Local Rule 292 subd. (f)(6) contemplates the prevailing party's recovery of fees spent on masters, receivers, or commissioners, all of whom serve a role comparable to the one Justice Bales played in this case. See. Fed. R. Civ. Proc. 53(a). Although IGRA (and thus the Court's order) uses the term "mediator," Justice Bales was not appointed to attempt to facilitate a voluntary resolution of the parties' dispute through bilateral negotiations, as would a conventional mediator. Rather, he served essentially the same role as would a court-appointed master or commissioner: *i.e.*, considering evidence in the form of the parties' proposed compacts, evaluating them in light of the parties' briefs and applicable law, then choosing the one that best comports with IGRA, other applicable federal law and the rulings of this Court. 25 U.S.C. § 2710(d)(7)(B)(iv), sending it to the parties, and ultimately, after the State declined to consent to his chosen compact, recommending it to the Department of the Interior. Supplemental Declaration of George Forman, at ¶ 5.[1] Given that Justice Bales effectively served the same role as would a court-appointed master or commissioner, the costs of his services should be treated as those associated with those of a court-appointed master or commissioner. Therefore, Local Rule 292 subd.(f)(6) authorizes the award of those costs to the Tribe.

---

[1] Justice Bales was prescient. On June 22, 2024, Judge Sunshine S. Sykes granted summary judgment in *Augustine Band of Cahuilla Indians v. California, et al.*, No. 5:23-cv-00620-SSS-DTBx (C.D. Calif.), determining that the State had failed to negotiate in good faith by, *inter alia*, failing to offer meaningful concessions in exchange for the State's financial demands, and insisting on provisions that would prohibit cashing of government checks and requiring withholding of State income taxes from most employees' wages. A copy of that ruling is attached as **Exhibit 5** to the Supplemental Declaration of George Forman lodged herewith, and of which judicial notice is requested. The State had insisted on including substantially the same provisions in its last, best compact offer submitted to Justice Bales. Supplemental Declaration of George Forman, at ¶ 3.

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO BILL OF COSTS   3   Case No.: 2:20-cv-01147-KES-SKO

## II. INCLUDING JUSTICE BALES' COSTS AND FEES IN THE COSTS ALLOWED TO THE TRIBE WOULD SERVE THE INTERESTS OF JUSTICE.

Alternatively, the costs of Justice Bales' services should be awarded pursuant to Local Rule 292(f)(11) because doing so would serve the interests of justice. Simply put, there would have been no need for Justice Bales to be retained at all, and thus for the Tribe to bear any portion of the costs and fees associated with his services, if the State had not, after persisting for five years in failing to negotiate in good faith before the Tribe filed its action, then continued to insist on the inclusion of improper provisions during the negotiations that followed the Court's grant of the Tribe's motion for summary judgment – all the while funding the State's participation in the negotiations that preceded the filing of the Tribe's lawsuit, this lawsuit itself, and the proceedings before Justice Bales, using money contributed to the SDF by California's gaming Tribes.[2] Under these circumstances, the interests of justice amply warrant including Justice Bales' fees in the costs to be awarded to the Tribe.

**CONCLUSION**

For all of the reasons set forth above, the Court should overrule the State's objection to including Justice Bales' fees in the costs to be awarded to the Tribe.

Dated: August 12, 2024                     Respectfully submitted,

---

[2] Section 5.1 of the Tribe's Compact required that the Tribe make payments into the Indian Gaming Special Distribution Fund ("SDF") to be created by the Legislature in accordance with a specific fee schedule. § 5.2(c) of the Tribe's 1999 compact authorized the use of the SDF for, *inter alia*, "compensation for regulatory costs incurred by the State Gaming Agency and the state Department of Justice in connection with the implementation and administration of the Compact[.]"
   The State has used the SDF, rather than the State's general fund, to pay for the State Department of Justice's activities in connection with compact-related negotiations and litigation. *See* California State Auditor Report 2021-102, August 25, 2022, at Figure 1 and Table 1. A true copy of that Report is attached as Exhibit 1 to the Supplemental Declaration of George Forman lodged herewith, and judicial notice of that report hereby is requested pursuant to F.R.Evid. 201.

| | |
|---|---|
| 1 | FORMAN SHAPIRO & ROSENFELD LLP |
| 2 | |
| 3 | /s George Forman |
| | George Forman |
| 4 | *Attorneys for Plaintiff* |

PLAINTIFF'S RESPONSE TO DEFENDANTS'
OBJECTION TO BILL OF COSTS                5                    Case No.: 2:20-cv-01147-KES-SKO